UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 3, 2012

LETTER TO COUNSEL

    RE:    Tania L. Baker v. Michael Astrue, Commissioner, Social Security;
              Civil No. SAG-10-1045

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Tania L. Baker's claim for disability insurance benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). (Paper Nos. 11 and 21). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local R. 105.6 (D. Md. 2011). For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Tania L. Baker ("Claimant"), applied for DIB and SSI on November 21, 2005, alleging that she had been disabled since October 1, 2005. (Tr. 49, 422-24). Her claims were denied initially and upon reconsideration. (Tr. 43-45, 425-27, 40-41, 430-31). Claimant had a hearing before an Administrative Law Judge ("ALJ") on May 14, 2008. (Tr. 432-472). The ALJ denied her claims for benefits in a decision dated June 27, 2008. (Tr. 17-31). The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform simple, routine, unskilled work in a stable environment at all exertional levels. (Tr. 23). The ALJ found that Claimant was not able to perform any of her past relevant work, but that considering her age, education, work experience, and RFC, and after receiving testimony from a vocational expert ("VE"), there were jobs that existed in the national and local economies that she could perform. (Tr. 29-31). Accordingly, the ALJ found that she was not disabled. (Tr. 31). On March 23, 2010, the Appeals Council denied her request for review, making her case ready for judicial review. (Tr. 8-11).

Claimant presents several arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence. She argues that the ALJ did not obey the treating physician rule and consequently failed to determine that she cannot concentrate well enough to consistently perform simple tasks (Tr. 23-26); that the ALJ performed an incomplete and inadequate analysis of the severity of her impairments at Step Two (Tr. 26-27); that the ALJ asked an incomplete hypothetical question to the VE (Tr. 27-29); and

that the ALJ failed to consider the combination of her impairments (Tr. 29-30). The function of this Court is not to review Ms. Baker's claim *de novo* or to reweigh the evidence of record. *Smith v. Schweiker,* 795 F.2d 343, 345 (4th Cir.1986). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987); *see* 42 U.S.C. § 405(g) (2009). For the reasons that follow, therefore, this Court upholds the ALJ's opinion and grants the Commissioner's motion for summary judgment.

### 1. Treating Physician Rule/Ability to Concentrate

Ms. Baker argues that the ALJ failed to give the proper weight to the opinions of her treating physicians, Dr. Stephen Smith, Dr. Constance Houser, Nurse Practitioner Michelle Ghabranious, Theresa Free-Stoner, LCSW, and Carol Undank, LCSW. Each of those physicians expressed doubt that Ms. Baker could concentrate sufficiently to maintain substantial employment. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir.1996); *see also* 20 CFR § 404.1527(d)(2). While treating source opinions on issues reserved to the Commissioner – such as determining a claimant's RFC – are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. *Eichelberger v. Astrue*, Docket No. CCB-08-cv-1621; 2009 WL 2602360 at *5 (D. Md. Aug. 21, 2009); Social Security Ruling 06-03p. Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 CFR § 404.1527(d). These factors include the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the extent to which a medical opinion is supported by evidence; the consistency of a medical opinion with the record as a whole; and the specialization of the physician. 20 CFR § 404.1527(d)(1)-(5).

In his written decision in this case, the ALJ expressly considered the opinions of all of the treating physicians at issue. With respect to Dr. Stephen Smith, the ALJ found "that this opinion is entitled to minimal weight as there are no contemporaneous treatment notes from Dr. Smith to support his opinion, as well as not being supported by the other evidence of record." Tr. 28. The ALJ also expressly addressed the opinions of Dr. Houser, Nurse Practitioner Ghabranious, and Ms. Free-Stoner, and Ms. Undank, stating:

> The undersigned rejects these conclusory opinions that the claimant is unable to work because they are opinions on an issue of disability reserved to the Commissioner of Social Security pursuant to 20 CFR 404.1525(e)(1) and SSR 96-5p, as well as not being supported by the longitudinal record with its generally routine and conservative treatment, and their own treatment notes. The undersigned also notes that Ms. Free-Stoner's opinion was based on a one-time examination of the claimant (Exhibit 17F); that Dr. Ghabranious' opinion appears to be based more on the claimant's subjective complaints as there is no evidence in the record that the claimant has poor circulation in her feet or significant joint

pain; and that the opinions of Ms. Undank and Dr. Houser are inconsistent with the claimant's treatment notes, which reveal that she has responded well to treatment, that her social functioning is not significantly impaired, and that she is able to live on her own.

(Tr. 29). It is clear from the ALJ's opinion that he engaged in the required analysis and considered each of the factors listed in 20 CFR § 404.1527(d). The ALJ's opinion is supported by substantial evidence, namely the mild limitations in claimant's activities of daily living and social functioning, moderate limitations in her attention, concentration, persistence and pace, and the opinions of a series of state medical consultants that Ms. Baker is able to work with certain limitations. The ALJ's decision to adopt the opinions of those state consultants is in accordance with SSR 96-6p, which provides that an ALJ may afford great weight to non-examining state agency physicians' opinions. When conflicting evidence is presented, the ALJ retains the discretion to resolve such inconsistencies. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Because substantial evidence supports the ALJ's analysis, remand is unwarranted.

**2.     Step Two Analysis**

Ms. Baker next contends that the ALJ's Step Two analysis requires reversal or remand because the ALJ failed to find her performance IQ of 62, her back problems, and her diabetes to be severe impairments. This Court disagrees.

The ALJ did not consider, at Step Two, whether or not Ms. Baker's limited IQ constituted a severe impairment. However, because the ALJ found at least one other severe impairment, his analysis proceeded to Step Three. In that circumstance, a failure to consider a particular impairment at Step Two may be harmless error if the impairment is fully considered at subsequent steps.

> Though the Fourth Circuit has not addressed the question of whether an ALJ's failure to consider the severity of one of many impairments at step two of the evaluation constitutes reversible error where the ALJ makes a finding that the claimant has another severe impairment, other courts have done so and answered in the negative, provided the ALJ considered the impairment in subsequent steps of the sequential evaluation. *See Hill v. Astrue,* 289 Fed. Appx. 289, 292 (10th Cir. 2008); *Maziarz v. Secretary of Health & Human Services,* 837 F.2d 240, 244 (6th Cir.1987); *see also Masch v. Barnhart,* 406 F.Supp.2d 1038, 1053 (E.D.Wis. 2005); *Tocco v. Astrue,* 2008 U.S. Dist. LEXIS 92993, *15, 2008 WL 4936876 (N.D.Ind. Nov. 14, 2008) (applying *Maziarz* for this holding); *Washington v. Astrue,* 2008 U.S. Dist. LEXIS 56258 (E.D.Ark. July 23, 2008); *Gomez v. Comm'r of Soc. Sec.,* 2008 U.S. Dist. LEXIS 9792, 2008 WL 384399 (M.D.Fla. 2008). This court agrees with these courts and finds it is not reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation provided the ALJ considers that impairment in subsequent steps.

*Jones v. Astrue*, Docket No. 5:07-cv-452-FL, 2009 WL 455414 at *2 (E.D.N.C. Feb. 23, 2009). In this case, the ALJ fully considered Ms. Baker's limited IQ at Step Three, even assessing

3

whether she met listing 12.05 for mental retardation. (Tr. 21-23). The ALJ further considered Ms. Baker's IQ when determining her RFC at Step Four. (Tr. 24-28). Finally, Ms. Baker's limited IQ was consistent with the hypothetical presented to the VE at Step Five, which required simple, routine, and unskilled work. (Tr. 468). Accordingly, because the ALJ did not end his analysis at Step Two, but continued with the remaining steps in his disability determination, the ALJ's failure to set forth a specific finding as to the severity or non-severity of Ms. Baker's limited IQ does not constitute reversible error.

The other two impairments were fully considered by the ALJ in his Step Two analysis, and were found to be non-severe. With respect to diabetes, the ALJ noted:

> On examination, she had no problems getting on and off the examining table, had normal upper and lower extremities, and no sensory or motor deficits. She was diagnosed with diabetes without any long-term complications, hypothyroidism, and bipolar disorder. Dr. Ross noted further that despite these impairments, she would be able to sit, stand, walk, handle objects, hear, speak and travel. . . . However, the claimant's treatment notes also reveal that she has been non-compliant with treatment recommendations as she has been eating a high fat diet and has been inconsistent in maintaining a log book and testing her blood sugar levels according to the recommended frequency. Her treatment notes further reveal that she has no neuropathy, retinopathy or nephropathy (Exhibits 17F-18F, 24F). Consequently, the undersigned finds that claimant's diabetes, obesity, and hypothyroidism are non-severe impairments because they have not resulted in any continuous exertional or non-exertional functional limitations.

(Tr. 20). The ALJ provided the following Step Two assessment of Ms. Baker's complaints of back pain:

> The undersigned has also considered the claimant's complaints of back pain and pain and numbness in her feet and hands. However, the undersigned finds that the claimant does not have a medically determinable back impairment or impairment that can be expected to produce pain and numbness in her hands.

(Tr. 20). The ALJ's analysis of both impairments is supported by substantial evidence in the record, which includes but is not limited to evidence that Ms. Baker has not seen a back specialist (Tr. 464), has a full range of motion in her back (Tr. 228), is able to manage her pain with ibuprofen (Tr. 463), and has been non-compliant with treatment recommendations for her diabetes (Tr. 405 ("does not carb count"); 414 ("not following meal plan"); 415 ("no planned exercise. . . carb intake very inconsistent")). As a result, the ALJ's determination will stand.

**3.     Question to VE**

This Court also finds no merit in Claimant's next argument, because the hypothetical presented to the VE was supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a

4

claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Because the ALJ afforded little weight to the medical opinions delineating the specific limitations listed on page 28 of Claimant's memorandum, it makes sense that those limitations would not be included in hypothetical the ALJ presented to the VE.

In the present case, the ALJ posed a hypothetical to the VE regarding an individual "who can do simple, routine, unskilled work in a stable environment." TR. 468. The VE provided a list of four light and sedentary jobs, which, in her assessment, could be performed by Ms. Baker. Tr. 469. The ALJ also complied with his duty to inquire whether the VE's findings conflicted with the DOT. *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996); *see also* SSR 00-4p. (Tr. 19). The questioning of the VE therefore provides no basis for reversal or remand.

**4.     Combination of impairments**

Finally, Ms. Baker contends that the ALJ failed to consider the cumulative effects of her disabilities. Her argument is unconvincing, however, especially in light of the ALJ's repeated consideration of her impairments and his explicit statement that Ms. Baker "does not have an impairment or combination of impairments" that would qualify her as disabled under the Act. (Tr. 20). There is substantial evidence that Ms. Baker's physical impairments, including diabetes, hypothyroidism, obesity, back pain, and numbness in her extremities, were not sufficiently severe to preclude her from performing substantial gainful activity. The ALJ specifically noted that "her treatment notes reveal that she has not required significant treatment for her diabetes or hypothyroidism and while her diabetes has been poorly controlled, it has been primarily due to her own non-compliance with treatment recommendations." (Tr. 27). In addition, the ALJ stated that Ms. Baker had

> no sensory or motor deficits on examination, findings which are inconsistent with her allegations of numbness and pain in her hands and feet. In addition, while she has complained of back pain, her treatment notes reveal that she has full range of motion of her cervical and lumbar spine and that she has not been referred to a specialist for back pain or prescribed any prescription pain medications.

(Tr. 27). It is clear from the ALJ's repeated analysis of these issues that he assessed no functional limitations from the various impairments listed above. In addition, the ALJ considered Ms. Baker's limited IQ, but determined that she did not have significant deficits in adaptive functioning, there were no school records to suggest a diagnosis of mental retardation, she appeared to other physicians to have "average intellectual functioning," and she passed four of five sections of the GED test. (Tr. 22, 24, 26)

The other impairments cited by Ms. Baker in support of her argument either occurred years prior to her alleged onset date (the infiltrate in her left lung and hepatitis B), did not appear to have any effects on her daily functioning (the hypercholesterolemia), or came from medical records pertaining to another patient that were inadvertently included in Ms. Baker's file (the osteopenia and calcaneal spurs). As such, those impairments would not alter any analysis regarding the combined effect of impairments. The ALJ's conclusion that Ms. Baker is not disabled based on a combination of her alleged impairments does not constitute reversible error.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate Order shall issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge